Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>CASHCALL, INC.,<br>a California corporation,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

　　　COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

### JURISDICTIONAL ALLEGATIONS

　　1.　　Plaintiff at all times herein mentioned was a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2. Defendant CashCall, Inc. ("CashCall"), is, and at all times herein mentioned was, a California corporation, with its principal place of business in the County of Orange, State of California.

3. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

5. Defendant CashCall made twenty-two (22) live sales calls to Plaintiff Paul Sapan's home phone number (310-444-1999) wherein they tried to pitch mortgage debt relief services on the following dates and times and using the following Caller ID ("CID") numbers and names:

- 10/3/13 913a CID "unavailable"
- 10/3/13 1224p CID "unavailable"
- 10/9/13 918a CID 949-752-4675 "Cash Call"
- 11/29/13 813a CID 213-283-7914
- 11/29/13 832a CID 213-283-7914
- 11/29/13 837a CID 213-283-7914
- 11/29/13 838a CID 213-283-7914
- 11/29/13 839a CID 949-752-4624
- 11/29/13 839a CID 213-283-7914
- 11/29/13 840a CID 213-283-7914
- 11/29/13 906a CID 213-283-7914
- 11/29/13 915a CID 213-283-7914
- 11/29/13 916a CID 213-283-7914
- 11/29/13 1021a CID 213-283-7914
- 11/29/13 1022a CID 213-283-7914
- 11/29/13 208p CID 213-283-7914
- 11/29/13 209p CID 213-283-7914
- 11/29/13 209p CID 213-283-7914
- 11/29/13 210p CID 213-283-7914
- 12/6/13 815a CID 213-283-7914
- 12/6/13 815a CID 213-283-7914
- 12/6/13 958a CID 949-752-4624 "Cash Call"

6. Eighteen of the calls complained of above used the CID number but no CID name, and two others sent no CID information at all, but both CID number and name are required by law. 47 C.F.R. § 64.1601(e).

7. During the first call, on or about October 3, 2013 at 9:13am, Mr. Sapan answered the phone and someone identifying himself only as "David of National Mortgage Solutions" came on the line after a delay and attempted to pitch mortgage debt relief services, but the call was thereafter dropped for some apparently technical reason.

8. During the second call, on or about October 3, 2013 at 12:24pm, Mr. Sapan answered the phone and someone identifying herself only as "Mary of Mortgage Solutions" came on the line after a delay and attempted to pitch mortgage debt relief services and asked if he was interested.

9. Mr. Sapan wanted to know who was calling him since the vague and

- 1 -
Complaint

inconsistent names given thus far were essentially meaningless, so he said he might be interested.

10. "Mary" connected his call to a person who said his name was Mike with CashCall.

11. The call was then again dropped due to apparent technical reasons, but Mike called back shortly thereafter and left a voicemail soliciting business for CashCall.

12. A few days later, during the third call, on or about October 9, 2013 at 9:18am, Mr. Sapan answered the phone and someone identifying herself as JC Orosco of CashCall said he was calling to follow up the attempt to sell mortgage debt relief services.

13. Now that Mr. Sapan knew who was calling he instructed the representative that CashCall was not to call him anymore.

14. During the fourth call, on or about November 29, 2013 at 8:13am, Mr. Sapan answered the phone and someone identifying himself only as "Mike with Debt Relief Group" came on the line after a delay and attempted to pitch mortgage debt relief services

15. Since this call came from a new CID number from the previous ones, Mr. Sapan again wanted to know who was calling him using vague business names, so he said he might be interested.

16. "Mike" took a bunch of information and said he was connecting Mr. Sapan "with his senior loan advisor", but again the call was dropped for some apparently technical reason.

17. "Mike" called back at 8:32am and again said he was going to connect Mr. Sapan "with his senior loan advisor".

18. "Mike" connected his call to a person who said his name was Jacob Ho who asked more questions.

19. Mr. Sapan played along answering for a while then asked what company Jacob Ho was with and he answered CashCall.

20. Disgusted with these bothersome calls, Mr. Sapan hung up.

21. All of the other calls alleged used the same CID number as one of these first five calls, and are therefore alleged to have been made by CashCall to make the same annoying sales pitch.

22. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from August 9, 2008 to the present.

23. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must

pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

### FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

24. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

25. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

26. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

27. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

28. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and

Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

29.  Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel]

30.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

31.  The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

32.  At no time did Plaintiff consent to this trespass.

33.  As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 25% of his monthly phone bill in

November of 2013 since Defendant's calls constituted 25% or more of the total calls to his phone at the height of their junk calling campaign.

34.  In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

### THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

35.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

36.  Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

37.  As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 25% of his monthly phone bill in November of 2013 since Defendant's calls constituted 25% or more of the total calls to his phone at the height of their junk calling campaign.

38.  Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c)(2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For compensatory damages according to proof;
4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.
7. For costs of suit herein incurred; and
8. For such further relief as the Court deems proper.

DATED: February 5, 2015                **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN